IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SAMUEL R. QUEEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-3341-KHV |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Samuel Queen, a former inmate at the United States Penitentiary in Leavenworth, Kansas (USP-Leavenworth), brings suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., alleging that he suffered an assault by another inmate because prison staff failed to monitor and supervise a stairwell. This matter is before the Court on various motions.

**I.     Plaintiff's Motion For Summary Judgment (Doc. #36)**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. A "genuine" factual dispute requires more than a mere scintilla of evidence. Id. at 252.

Plaintiff seeks summary judgment on his FTCA claim. Based on the record evidence, summary judgment in favor of plaintiff is not appropriate because of the following genuine issues of disputed material

facts:

>   1.  Whether a Bureau of Prisons ("BOP") employee was present in the stairwell area where plaintiff was assaulted on May 4, 2004.
>
>   2.  Whether BOP officers have a mandatory duty to monitor and supervise inmates in a particular stairwell and the extent of the required monitoring and supervision.
>
>   3.  Whether BOP employees knew that plaintiff was at risk of an assault by other inmates before the assault.

The Court therefore overrules plaintiff's motion for summary judgment.

**II.   Plaintiff's Motion To Continue Under Rule 56(f) (Doc. #45)**

Rule 56(f), Fed. R. Civ. P., allows a party to submit an affidavit "that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition" and permits the Court to order a continuance to permit further discovery. The Court has discretion whether to grant a motion under Rule 56(f). See Jensen v. Redevelopment Agency, 998 F.2d 1550, 1553-54 (10th Cir. 1993). The rule is not "invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable." Pasternak v. Lear Petro, Explor., Inc., 790 F.2d 828, 833 (10th Cir. 1986).

Plaintiff seeks to extend the deadline to respond to defendant's motion for summary judgment so that he can obtain discovery on BOP regulations and institutional policies related to security during inmate movements. The government has refused to provide such information under the Freedom of Information Act ("FOIA") because (1) it concerns matters related solely to internal agency practices, 5 U.S.C. § 552(b)(2); (2) it concerns records complied for law enforcement purposes, the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties, 5

U.S.C. § 552(b)(7)(C); and (3) it concerns records or information compiled for law enforcement purposes, the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions, 5 U.S.C. § 552(b)(7)(E).  See Exhibits to Declaration Of Samuel Queen In Support Of His Request For A Continuance, Postponement, Or Denial Of The Government's Response To The Amended Complaint Until Such Time So That Discovery Can Be Had Pursuant To Fed. R. Civ. P. 56(f) (Doc. #46) filed June 23, 2006.  Based on the response of the government to plaintiff's FOIA requests, it appears that the government has documents relating to BOP policies about security during inmate movements.  The Court finds that such information may be relevant to defendant's motion for summary judgment.  At the same time, the Court agrees with the government's stated security concerns.  Accordingly, the Court orders the government to submit the requested information to the Court under seal on or before **September 18, 2006**.  In particular, the government shall submit all documents related to any BOP or USP-Leavenworth policy, regulation or practice on duties of prison personnel during inmate movements and, in particular, inmate movements in stairwells of a prison.

Although the requested information is relevant to a portion of defendant's motion for summary judgment, plaintiff can nevertheless respond to the motion.  On or before **September 18, 2006**, plaintiff shall file a response to defendant's motion to dismiss and/or for summary judgment.  On or before **October 10, 2006**, defendant may file a reply brief.

**III.    Plaintiff's Motion To Reconsider Order Granting Stay Of Discovery (Doc. #53)**

The Court has discretion whether to grant a motion to reconsider.  See Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988).  The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct

3

clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994). Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

On June 23, 2006, the Court sustained defendant's motion to delay planning and scheduling in the case and to stay discovery pending a ruling on defendant's motion for summary judgment. See Order (Doc. #44). On July 13, 2006, plaintiff filed an objection to the order, which the Court construes as a motion to reconsider. Initially, the Court overrules plaintiff's motion because it is untimely. See D. Kan. Rule 7.3(b) (motion to reconsider non-dispositive order must be filed within 10 days of order). In addition, plaintiff has not presented sufficient grounds for the Court to reconsider the order at this time. See id. (motion to reconsider shall be based on intervening change in controlling law, availability of new evidence, or need to correct clear error or prevent manifest injustice). Plaintiff primarily complains that he has been unable to obtain discovery on a national BOP or institutional policy, regulation or statute that prison officials must monitor stairwells during inmate movements.[1] As explained above, the Court orders defendant to produce this information under seal.

---

[1] Plaintiff also argues that he only received a copy of the docket entry and not a copy of the actual order. Because the order was by text entry, the Court did not enter a separate order. Accordingly, plaintiff has received a copy of the complete order.

4

### IV. Plaintiff's Objection Of Magistrate's Order Denying Appointment Of Counsel (Doc. #56)

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be "clearly erroneous or contrary to law." Rule 72(a), Fed. R. Civ. P.; 28 U.S.C. § 636(b)(1)(A). The Court does not conduct a *de novo* review; rather, it applies a more deferential standard under which the moving party must show that the magistrate judge order is "clearly erroneous or contrary to law." Id.; see Burton v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D. Kan. 1997). The Court is required to affirm the magistrate's order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court will generally defer to magistrate judge and overrule only if discretion clearly abused).

The district court has broad discretion to appoint counsel for indigents under 28 U.S.C. § 1915 and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights. Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991) (citing Maclin v. Freake, 650 F.2d 885, 886 (7th Cir. 1981)). In determining whether to appoint counsel, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved. Id.

Plaintiff objects to Judge Humphreys' order which denied appointment of counsel. Judge

Humphreys ruled as follows:

> After careful consideration, the court declines to appoint counsel to represent plaintiff. Without prejudging in any way the merits of plaintiff's complaint, the court notes that plaintiff offers no evidence of his efforts to secure counsel. Moreover, plaintiff's pleadings and communications demonstrate an [un]usually high degree of legal sophistication and the ability to prepare and present his claim without the aid of counsel. Under the circumstances, the court declines to appoint counsel.

Order (Doc. #55) at 2.

Plaintiff first argues that he established his inability to afford counsel and his diligence in searching for counsel. Judge Humphreys did not address plaintiff's ability to afford counsel, but she apparently assumed that plaintiff is unable to afford counsel because he is proceeding in forma pauperis. As to plaintiff's diligence in obtaining counsel, Judge Humphreys found that plaintiff offered no evidence of his efforts to secure counsel, but plaintiff attached to his memorandum in support of his motion for certain letters from the Kansas Bar Association and Kansas Legal Services which documented plaintiff's request for a pro bono attorney. See Exhibits to Memorandum Of Law In Support Of Plaintiff's Motion For The Appointment Of Counsel (Doc. #50). Judge Humphreys did not acknowledge plaintiff's efforts to obtain counsel, but such efforts by themselves do not entitle plaintiff to counsel. In particular, the availability of attorneys for pro bono cases is limited and plaintiff is unable to reimburse appointed counsel for expenses.

Plaintiff primarily argues that he needs counsel to conduct discovery as to a BOP or institutional policy, procedure or practice regarding security during inmate movements. As explained above, the Court orders defendant to submit such evidence to the Court under seal. Therefore plaintiff does not need counsel to conduct discovery at this time.

Finally, plaintiff argues that the magistrate erred in finding that he could adequately prepare and

present his claim. On review of plaintiff's pleadings and court filings, the magistrate's finding on this issue is not clearly erroneous or contrary to law. Indeed, the Court agrees that plaintiff has adequately represented himself in this case.

In sum, the magistrate's order is not clearly erroneous or contrary to law. Plaintiff is not entitled to counsel at this stage of the case.[2]

## V.     Plaintiff's Motion For Stay (Doc. #58)

Plaintiff seeks a 90-day stay of this case because of his transfer to another institution. Plaintiff states that he is scheduled to be transferred to another institution within 20 days.

On the present record, plaintiff has not shown why he cannot meet the present deadline of September 18, 2006 to respond to defendant's motion to dismiss or for summary judgment. If defendant is transferred to another institution before September 18, 2006, the Court will consider a brief extension of the deadline if plaintiff can establish good cause.[3] Defendant's motion for a 90-day stay of the proceedings is overruled.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Summary Judgment (Doc. #36) filed May 24, 2006 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff['s] Request For A Continuance, Postponement, Or Government's Response To The Amended Complaint Be Denied Until Discovery Can Be Had So That Additional Facts May Be Gathered To Permit A More Competent Response (Doc. #45) be and hereby

---

[2] The Court recognizes the limits of a pro se prisoner to conduct extensive discovery and prepare for trial. Accordingly, the Court may re-visit the issue of appointment of counsel if it overrules defendant's pending motion to dismiss and/or for summary judgment.

[3] If plaintiff is transferred, he must immediately notify the Clerk of his new address.

7

is **SUSTAINED in part**. On or before **September 18, 2006**, the government shall submit to the Court under seal all documents related to any BOP or USP-Leavenworth policy, regulation or practice on duties of prison personnel during inmate movements and in particular inmate movements in stairwells of a prison. On or before **September 18, 2006**, plaintiff shall file a response to defendant's motion to dismiss and/or for summary judgment. On or before **October 10, 2006**, defendant may file a reply brief.

**IT IS FURTHER ORDERED** that Plaintiff's Objection To Court's Order Sustaining Defendant's Motion To Delay Planning And Scheduling Of Case And To Stay Discovery Upon A Ruling On Defendant's Summary Judgment Filed June 9, 2006, Doc. #39 (Doc. #53) filed July 13, 2006, which the Court construes as a motion to reconsider, be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection To Magistrate Humphrey's Denial Of Appointment Of Counsel To Plaintiff (Doc. #56) be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Request For A Stay Of Proceedings (Doc. #58) be and hereby is **OVERRULED**.

Dated this 30th day of August, 2006 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Court