**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **SAMUEL R. QUEEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 05-3341-KHV** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**ORDER**

Samuel Queen, a former inmate at the United States Penitentiary in Leavenworth, Kansas, brings suit under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., alleging that he suffered an assault by another inmate because prison staff failed to monitor and supervise a stairwell. Shortly after plaintiff filed this action, the Court granted him leave to proceed *in forma pauperis*. To date, plaintiff has paid $100 of the $250 filing fee.[1] This matter is before the Court on Defendant's Motion To Dismiss The Complaint Pursuant To 28 U.S.C. § 1915(g) (Doc. #70) filed October 6, 2006. The Court overrules defendant's motion, but requires plaintiff to submit the balance of the filing fee.

Defendant asks the Court to dismiss plaintiff's complaint under the so-called "three strikes" provision of 28 U.S.C. § 1915(g). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of

---

[1] Effective April 9, 2006, after plaintiff filed this action, the district court filing fee increased from $250 to $350. See 28 U.S.C. § 1914(a).

serious physical injury.

28 U.S.C. § 1915(g).

The Honorable Sam A. Crow recently held that plaintiff has accumulated five strikes for purposes of Section 1915(g). See Order (Doc. #67) filed August 3, 2006 in Queen v. Mildner, No. 05-3005 (D. Kan.). The Court agrees substantially with the reasoning in Judge Crow's order. See id. In Queen v. United States, No. MJG-98-1152, the United States District Court for the District of Maryland dismissed plaintiff's suit for failure to state a claim for relief. See Exhibit 3 to Memorandum In Support Of Defendant's Motion To Dismiss The Complaint Pursuant To 28 U.S.C. § 1915(g) (Doc. #71); see also 28 U.S.C. § 1915(g) (dismissal for failure to state a claim counts as strike). In Queen v. Battaglia, No. 00-6708 (4th Cir.), the Fourth Circuit Court of Appeals dismissed plaintiff's appeal as frivolous pursuant to Section 1915(g). See Exhibit 8 to Defendant's Memorandum (Doc. #71); see also 28 U.S.C. § 1915(g) (dismissal of action as frivolous counts as strike). In Queen v. United States, No. Y-97-3677 (D. Md.) and Queen v. Warden, No. MJG-02-1549 (D. Md.), the United States District Court for the District of Maryland dismissed plaintiff's actions for failure to exhaust administrative remedies. See Exhibits 2 and 9 to Defendant's Memorandum (Doc. #71); see also Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1213 (10th Cir. 2003) (even though dismissal for failure to exhaust ordinarily is without prejudice, it may constitute strike for purposes of Section 1915(g)). Finally, in Queen v. Gallegos, No. 04-3465-RDR (D. Kan.), the Honorable Richard D. Rogers dismissed plaintiff's suit, which was incorrectly filed as a habeas petition, for failure to exhaust administrative remedies. See Exhibit 10 to Defendant's Memorandum (Doc. #71); see also Jennings v. Natrona County Det. Ctr. Med. Fac., 175 F.3d 775, 779 n.2 (10th Cir. 1999) (habeas petition which challenges conditions of confinement may be counted as strike).

Because plaintiff has five strikes for purposes of Section 1915(g), the Court vacates the Order (Doc. #3) which granted plaintiff leave to proceed *in forma pauperis* in this case. Rather than dismiss the case, however, the Court requires plaintiff to submit to the clerk of the court the remaining $150 of his filing fee by **November 30, 2006**. If plaintiff does not timely submit the balance of his filing fee, the Court will dismiss this action without further notice.[2]

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss The Complaint Pursuant To 28 U.S.C. § 1915(g) (Doc. #70) filed October 6, 2006 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that on or before **November 30, 2006**, plaintiff submit to the clerk of the court the remaining $150 of his filing fee. If plaintiff does not timely submit the balance of his filing fee, the Court will dismiss this action without further notice.

Dated this 31st day of October, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court

---

[2] Plaintiff argues that the government does not have standing to challenge his *in forma pauperis* status, see Plaintiff's Surreply (Doc. #73) at 7, but as a defendant in this case, the government has a direct stake in the outcome and therefore has standing to raise the issue. See Arizonans for Official English v. Arizona, 520 U.S. 43, 64 (1997). In any event, the Court may *sua sponte* enforce the requirements of the *in forma pauperis* statute to deter frivolous prisoner lawsuits.

Plaintiff also argues that he has taken measures to cure the defects in the pleadings in the other cases which would render moot the issue of his *in forma pauperis* status. See Plaintiff's Surreply (Doc. #73) at 7. Plaintiff has not shown that he timely appealed the rulings in the other cases or explained why these other cases should not count as strikes for purposes of Section 1915(g). Cf. Jennings, 175 F.3d at 780 (Section 1915(e) does not apply until after litigant has exhausted or waived opportunity to appeal).