IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAMUEL R. QUEEN, )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>**Defendant.** )<br>_____) | CIVIL ACTION<br><br>No. 05-3341-KHV |

## MEMORANDUM AND ORDER

Samuel Queen, a former inmate at the United States Penitentiary in Leavenworth, Kansas, brings suit under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., alleging that he suffered an assault by another inmate because prison staff did not monitor and supervise a stairwell. On October 31, 2006, because plaintiff had five strikes for purposes of 28 U.S.C. § 1915(g), the Court vacated the order which granted plaintiff leave to proceed *in forma pauperis* in this case and ordered plaintiff to submit the remaining $150 of his filing fee by November 30, 2006. On November 20, 2006, plaintiff complied with the Court's order. This matter is before the Court on Plaintiff's Objection To Court's Order Of October 31, 2006 (Doc. 75) (Doc. #77) filed November 20, 2006, which the Court construes as a motion to reconsider the order of October 31, 2006. Plaintiff asks the Court to allow the action to proceed "in the event he cannot meet the court's deadline" or if the Court dismisses the action for failure to pay the filing fee, to certify the order so that he can file an interlocutory appeal.

Under 28 U.S.C. § 1915(b)(1), a prisoner granted *in forma pauperis* status in a civil action must pay the full amount of the filing fee. Because plaintiff has already paid the filing fee in its entirety and therefore demonstrated that he has the means to do so, the Court overrules his objection to the Court's

order which revoked his *in forma pauperis* status. See Webb v. Anderson, 224 F.3d 649, 654 (7th Cir.) (refund request denied because fact that plaintiff had managed, over time, to pay filing fee in its entirety demonstrated that full fee was within his means), cert. denied, 531 U.S. 999 (2000). In addition, plaintiff's objection is moot because 28 U.S.C. § 1915 does not permit a refund of a filing fee. See Golden v. Kaiser, 1 Fed. Appx. 841, 842 n.1 (10th Cir. 1994) (no authority to refund filing fee after district court denies *in forma pauperis* status; request to proceed *in forma pauperis* overruled as moot because plaintiff had already paid filing fee in full); see also Goins v. Decaro, 241 F.3d 260, 261 (2d Cir. 2001) (PLRA makes no provision for return of fees partially paid; refund claim also encounters barrier of sovereign immunity because funds have become property of United States); Weaver v. United States, No. 96-4033-SAC, 1998 WL 214721, at *3 (D. Kan. Feb. 17, 1998) (granting plaintiff's application for *in forma pauperis* status, but declining to refund filing fee and other costs already paid). But cf. United States v. Davis, 149 F.3d 1192, 1998 WL 327744, at *2 (10th Cir. 1998) (directing court to refund appellate filing fee erroneously paid to defendant's prison account).

Even if plaintiff had not already paid the filing fee, his objection is without merit.

## Standards For Motion To Reconsider

The Court has discretion whether to grant or deny a motion to reconsider. Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up

arguments that previously failed. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

## **Analysis**

Plaintiff has not shown an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice.[1]  Plaintiff concedes that the dismissals in Queen v. United States, No. MJG-98-1152 (D. Md.), and Queen v. Battaglia, No. 00-6708 (4th Cir.), constitute strikes under 28 U.S.C. § 1915(g).  He maintains that the dismissals in Queen v. United States, No. Y-97-3677 (D. Md.), Queen v. Warden, No. MJG-02-1549 (D. Md.), and Queen v. Gallegos, No. 04-3465-RDR (D. Kan.), do not constitute strikes, however, because they were summarily "dismissed without prejudice under the preliminary screening process" and not under 28 U.S.C. § 1915(e)(2).  See Plaintiff's Objection (Doc. #77) at 2 (citing Steele v. Fed. Bureau of Prisons, 355 F.3d 1204 (10th Cir. 2003), cert. denied, 543 U.S. 925 (2004)).  Contrary to plaintiff's suggestion, a court's "preliminary screening process" is generally conducted pursuant to 28 U.S.C. § 1915(e)(2).[2]  See Stafford v. United States, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000) (Section 1915(e)(2) is "screening procedure"); Ricks v. Mackey, 141

---

[1]   Plaintiff's motion is also untimely.  See D. Kan. Rule 7.3(b) (motion to reconsider non-dispositive order must be filed within 10 days of order).

[2]   Section 1915(e)(2) requires the district court to dismiss a case at any time if the court determines as follows:

   (A)   the allegation of poverty is untrue; or
   (B)   the action or appeal—
         (i) is frivolous or malicious;
         (ii) fails to state a claim on which relief may be granted; or
         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

F.3d 1185, 1998 WL 13328, at *2 (10th Cir. Mar. 25, 1988) (Section 1915(e)(2) involves "*sua sponte* screening") (citation omitted); Anderson v. Pritchett, No. CIV-05-1393-F, 2006 WL 335687, at *1 (W.D. Okla. Feb. 13, 2006) (Section 1915(e)(2) is "initial screening"). In addition, Steele held that a dismissal based on lack of exhaustion should ordinarily be without prejudice and "may constitute a strike for purposes of 28 U.S.C. § 1915(g)." Steele, 355 F.3d at 1213.[3] Steele did not distinguish between

---

[3] By using the language "may," Steele seems to hold that a district court has discretion to consider as a strike a prior dismissal for lack of exhaustion. Steele, however, does not set forth any factors to guide the district court's discretion. Without discussion, courts generally have designated, as strikes, dismissals of complaints for failure to exhaust administrative remedies. See, e.g., Smith v. Cowman, No. 06-3272, 2006 WL 3616720, at *2 (10th Cir. Dec. 13, 2006); Rouston v. Carver, 190 Fed. Appx. 617, 618 (10th Cir. July 31, 2006) (plaintiff accumulated strike under Section 1915(g) because district court dismissed complaint for failure to exhaust administrative remedies on all claims); Jones v. Smith, 109 Fed. Appx. 304, 309 (10th Cir. Sept. 13, 2004) (affirming district court's designation of dismissal for failure to exhaust administrative remedies as strike); Jones v. Cimarron Corr. Fac., No. CIV-04-1361-F, 2005 WL 2077363, at *1 (W.D. Okla. Aug. 25, 2005). Because a dismissal without prejudice for failure to exhaust administrative remedies is a dismissal for failure to state a claim, see Steele, 355 F.3d at 1212, a district court does not appear to have discretion on the issue, see Day v. Maynard, 200 F.3d 665, 667 (10th Cir. 1999) (dismissal without prejudice counts as strike so long as dismissal is because action is frivolous, malicious, or fails to state claim).

To the extent that the Court has discretion whether to consider as strikes the dismissals in plaintiff's prior cases, the Court finds that plaintiff has accumulated at least four strikes. As explained above, plaintiff concedes that the dismissals in Queen v. United States, No. MJG-98-1152 (D. Md.), and Queen v. Battaglia, No. 00-6708 (4th Cir.), constitute strikes under 28 U.S.C. § 1915(g). As to the other three dismissals, plaintiff does not claim that he did not know about the administrative exhaustion requirement. At least as to Queen v. Warden, No. MJG-02-1549 (D. Md.), and Queen v. Gallegos, No. 04-3465-RDR (D. Kan.), plaintiff had been on notice since November of 1997 that he had to exhaust administrative remedies. See Memorandum and Order filed November 10, 1997 in Queen v. United States, No. Y-97-3677 (D. Md.), attached as Exhibit 2 to Defendant's Memorandum (Doc. #71). Accordingly, the Court finds that at a minimum, the dismissals in Queen v. Warden, No. MJG-02-1549 (D. Md.), and Queen v. Gallegos, No. 04-3465-RDR (D. Kan.), constitute strikes under 28 U.S.C. § 1915(g).

In a recent unpublished slip opinion, the Tenth Circuit noted that "dismissal of a § 1983 complaint for failure to exhaust is not considered a strike, since it is not a dismissal pursuant to § 1915(e)(2)(B)." Malek v. Reding, No. 05-4134, 2006 WL 2106811, at *2 (10th Cir. July 31, 2006). Because the unpublished order in Malek is directly contrary to prior Tenth Circuit precedent in Steele and Day, the
(continued...)

4

dismissals under the "preliminary screening process" of 28 U.S.C. § 1915(e)(2), or after a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See id. The purpose of the three strikes rule is to curtail abusive prisoner litigation. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). Consistent with this purpose, a complaint that fails to state a claim for relief because of lack of exhaustion is equally abusive whether the Court makes this finding during the initial screening process or after a defendant has filed a motion to dismiss.[4]

Plaintiff also notes that the courts in Queen v. United States, No. Y-97-3677 (D. Md.), Queen v. Warden, No. MJG-02-1549 (D. Md.), and Queen v. Gallegos, No. 04-3465-RDR (D. Kan.) did not designate the cases as "strikes." Although some courts (including the Tenth Circuit) occasionally advise prisoners that a dismissal constitutes a strike, see, e.g., Rouston, 190 Fed. Appx. at 618; Treadwell v. Holt, 42 Fed. Appx. 86, 87 (10th Cir. 2002); Simmons v. Suthers, 9 Fed. Appx. 806, 809 (10th Cir. 2001), the courts in plaintiff's three cases did not express an opinion on the issue. Moreover, the question whether a dismissal constitutes a strike is properly raised when a prisoner files a subsequent lawsuit and the three-strikes issue is raised in that suit. See Williams v. Newell, 22 Fed. Appx. 581, 582 (6th Cir. 2001); see also Snider v. Melindez, 199 F.3d 108, 115 & 115 n.2 (2d Cir. 1999) (designation of strikes has no practical consequence until subsequent lawsuit when three-strikes issue raised; contemporaneous

---

[3](...continued)
Court must follow the precedent in those prior cases.

[4] The extent of the initial screening process probably varies widely between courts. In addition, to the extent the Court can draw any meaningful distinction between these two types of dismissals, the fact that a complaint does not survive the initial screening process seems to involve a more abusive use of the *in forma pauperis* statute than a complaint which is not dismissed until after defendant has filed a motion on the issue.

classification of dismissals as strikes or non-strikes not appropriate).

In sum, plaintiff has not presented sufficient grounds for the Court to reconsider the order of October 31, 2006.

**IT IS THEREFORE ORDERED** that Plaintiff's Objection To Court's Order Of October 31, 2006 (Doc. 75) (Doc. #77) filed November 20, 2006 be and hereby is **OVERRULED**.

Dated this 22nd day of December, 2006 at Kansas City, Kansas.

>s/ Kathryn H. Vratil
>KATHRYN H. VRATIL
>United States District Court