IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAMUEL R. QUEEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-3341-KHV |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Samuel Queen, a former inmate at the United States Penitentiary in Leavenworth, Kansas (USP-Leavenworth), brings suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., alleging that he suffered an assault by another inmate because prison staff failed to monitor and supervise a stairwell. On February 26, 2007, the Court sustained defendant's motion to dismiss because defendant's alleged conduct is protected by the discretionary function exception to the FTCA. See Memorandum And Order (Doc. #85). After plaintiff filed a motion to reconsider, the Court ordered defendant to disclose certain documents to plaintiff and granted plaintiff leave to file a supplemental memorandum in support of his motion to reconsider. See Order (Doc. #100) filed June 19, 2007. This matter is before the Court on Plaintiff's Objection To Court's Memorandum And Order Sustaining Defendant's Motion For Summary Judgment With Request For Leave To File An Amended Complaint (Doc. #87) filed March 9, 2007, which the Court construes as a motion to reconsider and for leave to amend; Plaintiff's Request For Additional Documents Related To Controlled Movements (Doc. #104) filed July 6, 2007; and Plaintiff's Second Request For Reconsideration Of Scheduling Order To Under[go] Discovery (Doc. #106) filed July 23, 2007. For reasons stated below, the Court overrules plaintiff's motions and directs the Clerk to enter judgment

in favor of defendant.

## Legal Standards On Motion To Reconsider

The Court has discretion whether to grant or deny a motion to reconsider. Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991), cert. denied, 506 U.S. 828 (1992).

## Factual Background

The Court previously set out the relevant facts for purposes of defendant's motion for summary judgment. Those facts are as follows:

Plaintiff is a former inmate at USP-Leavenworth. On May 4, 2004, other inmates attacked him during a controlled movement in a stairwell at USP-Leavenworth.[1] Plaintiff suffered cuts to his face and body from a razor-type weapon. Plaintiff remained in the stairwell some four to six minutes after the attack, but no prison staff arrived. As plaintiff exited the stairwell, officer Malafou T. Kiliona, who was outside the stairwell controlling inmate movement, saw blood on plaintiff's face and called for assistance.

No policy, regulation or statute requires BOP staff to provide stairway security or to monitor

---

[1] According to plaintiff, the attacked lasted some two minutes. See Plaintiff's Declaration In Opposition To United States Motion For Summary Judgment (Doc. #68) filed September 14, 2006 ¶ 9 (attack started around 2:53 p.m. and ended around 2:55 p.m.).

stairwells at any particular time or in any particular manner. No specific federal regulations, national or institutional policies, or specific post orders address stairwell security within BOP institutions. Staff are not required to monitor stairwells at any particular time, in any particular manner, or at any particular institution. The Warden and staff at each prison have discretion on these issues, potentially with input from Regional and Central Office officials. Decisions concerning specific physical monitoring and surveillance of the inmate population vary from institution to institution, and can encompass a number of factors including security and custody levels, the mission of the institution, the nature of the inmate population, the physical structure of the facility, the specific time of day, inmate activity in the area and/or recent incidents in a particular institution and location within an institution.

Prison staff are responsible for maintaining the security of individual institutions with limited staff and resources. In determining whether to monitor specific stairwell areas at particular times, prison staff consider several factors including (1) the unique nature of the institution, (2) availability of staff, (3) potential for an incident to occur and (4) monetary costs for staff and equipment needed to monitor the area. Monitoring needs may vary, daily or hourly, with changing correctional security issues.

Plaintiff brings suit under the FTCA, alleging that he suffered an assault by another inmate because prison staff failed to monitor and supervise the stairwell at USP-Leavenworth. See Amended Complaint (Doc. #34) filed May 1, 2006 at 2-3.

## Analysis

**I.     Plaintiff's Objection And First Motion To Reconsider (Doc. #87)**

Plaintiff argues that the Court erred in ruling on defendant's motion for summary judgment

because (1) it misconstrued plaintiff's claim as alleging that prison officials failed to monitor a stairwell and (2) it denied plaintiff the opportunity to take discovery under Rule 56(f), Fed. R. Civ. P.

      A.      <u>Characterization Of Plaintiff's Claim</u>

Plaintiff complains that the Court misconstrued his claim. Plaintiff seeks leave to amend his complaint, essentially to add a general claim based on inadequate security during controlled movements. Plaintiff's request to amend is untimely. In addition, as the Court has explained, it evaluated plaintiff's claim both as one based on a general duty to monitor inmates during controlled movements and as one based on a specific duty to provide security in the stairwell where plaintiff was attacked. See Memorandum And Order (Doc. #85) at 4-5 n.3 (plaintiff claims that prison staff violated mandatory duty to "monitor inmate movement" as established in BOP policy and USP-Leavenworth post orders); <u>id.</u> (plaintiff argues that he challenges monitoring of inmates during "controlled movements," not general monitoring of inmates in stairwells; in either case, he has not shown that policy, regulation, statute, or post order sets forth specific security measures for "controlled movements" or monitoring in stairwells); <u>id.</u> at 7 n.5 (noting that plaintiff asserts three counts: the BOP did not protect him from harm under 18 U.S.C. § 4042 and local institutional policy (Count I); the BOP did not monitor inmates during the controlled movement (Count II); and the BOP was negligent in monitoring inmates during the controlled movement (Count III)); <u>id.</u> at 8 (characterizing challenged conduct as "BOP prison staff decision not to post a security officer in the stairwell during the controlled movement on May 4, 2004"); <u>see also</u> Memorandum And Order (Doc. #63) at 3, 8 (ordering government to "submit all documents related to any BOP or USP-Leavenworth policy, regulation or practice on duties of prison personnel during inmate

movements and, in particular, inmate movements in stairwells of a prison").

The Court has already concluded that plaintiff has not presented sufficient evidence to withstand defendant's motion for summary judgment on a claim for breach of a general duty to provide security during controlled movements. Plaintiff has not presented evidence of a mandatory duty to monitor a specific area such as the stairwell or a specific inmate. Plaintiff asserts that prison guards had a general duty to monitor inmate movement. See Officer Position Descriptions, Attachment 1-B to Defendant's Submission Of Documents For Filing With The Court And Certificate Of Mailing Of Documents To The Plaintiff (Doc. #101) filed June 27, 2007 (officers required to "supervise[] inmate movement"). The USP-Leavenworth post orders, however, do not require prison guards to monitor specific portions of the prison or of the stairwell during a controlled movement. See Garza v. United States, 161 Fed. Appx. 341, 345 (5th Cir. 2005) (discretionary function exception barred claim that officer violated post order that inmates "should not be allowed to gather in large groups;" order lacked specific directive and permitted discretionary choice); cf. id. at 344-45 (discretionary function exception did not bar claim that officer violated specific post order to "patrol the recreational yard"). Indeed, the post orders more generally call for frequent, irregular and random security checks. Each officer's decision to monitor specific areas during a controlled movement is discretionary.[2] In addition, the challenged decision was the type of decision

---

[2] See Bell v. Wolfish, 441 U.S. 520, 547-48 (1979) (prison administrators afforded wide-ranging deference in adopting and executing policies and practices that in their judgment are needed to preserve internal discipline and maintain institutional security); Montez v. United States, 359 F.3d 392, 395-97 (6th Cir. 2004) (BOP decisions on inmate safety discretionary); Santana-Rosa v. United States, 335 F.3d 39, 43 (1st Cir. 2003) (BOP exercises broad discretion in assigning inmates to particular jobs and where and how to store cleaning equipment used to attack another inmate); Alfrey v. United States, 276 F.3d 557, 565 (9th Cir. 2002) (regulations did not mandate BOP to conduct cell searches in particular manner); Calderon v. United States, 123 F.3d 947, 949
(continued...)

the discretionary function exception was designed to protect, namely one requiring the exercise of judgment based on considerations of public policy.[3]  Because the Court already considered plaintiff's general claim based on inadequate security during controlled movements, the Court overrules plaintiff's motion to reconsider and his request to file an amended complaint on this ground.

        B.        <u>Denial Of Discovery Under Rule 56(f)</u>

Plaintiff argues that the Court denied him an opportunity to take discovery under Rule 56(f), Fed. R. Civ. P. That rule allows a party to submit an affidavit "that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition" and permits the Court to order a continuance to permit further discovery. <u>Id.</u>  The Court has discretion whether to grant a

---

[2](...continued)
(7th Cir. 1997) (regulations did not mandate BOP to take specific action in event of threats from fellow inmate); <u>Mitchell v. United States</u>, 149 F. Supp.2d 1111, 1114-15 (D. Ariz. 1999) (day-to-day security considerations, including rules about who can enter housing unit, are policy decisions within discretion of BOP), <u>aff'd</u>, 20 Fed. Appx. 636 (9th Cir. 2001); <u>see also</u> <u>United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)</u>, 467 U.S. 797, 820 (1984) (FAA employees who conducted compliance reviews of aircraft specifically empowered to make policy judgments regarding degree of confidence to place in given manufacturer, need to maximize compliance with regulations and efficient allocation of agency resources).

[3]     See <u>Santana-Rosa</u>, 335 F.3d at 43 (BOP decisions regarding inmate work assignments and maintenance of cleaning supplies susceptible to policy-related analysis); <u>Alfrey</u>, 276 F.3d at 565 (prison staff decision as to scope of cell search involves balancing of risk posed and inmate interest in freedom from intrusive searches); <u>Calderon</u>, 123 F.3d at 951 (balancing need for inmate security against rights of inmates to circulate and socialize within prison involves considerations based upon public policy); <u>Mitchell</u>, 149 F. Supp.2d at 1114 (decisions as to day-to-day security needs of prison, including number of guards in given area, where to place emergency alarms and tactical choices surrounding inmate movement within institution are judgment calls based on policy determinations which seek to accommodate safety goals and reality of finite agency resources); <u>see also</u> <u>Varig Airlines</u>, 467 U.S. at 820 (FAA engineers and inspectors necessarily took certain calculated risks in compliance reviews of aircraft, but those risks were encountered for advancement of governmental purpose and pursuant to specific grant of authority).

-6-

motion under Rule 56(f). See Jensen v. Redevelopment Agency, 998 F.2d 1550, 1553-54 (10th Cir. 1993). The rule is not "invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable." Pasternak v. Lear Petro. Explor., Inc., 790 F.2d 828, 833 (10th Cir. 1986).

Here, the Court sustained plaintiff's Rule 56(f) motion in part. The Court required the government to submit under seal "all documents related to any BOP or USP-Leavenworth policy, regulation or practice on duties of prison personnel during inmate movements and, in particular, inmate movements in stairwells of a prison." Memorandum And Order (Doc. #63) filed Aug. 30, 2006 at 3. Based on the Court's in camera review, the Court determined that USP-Leavenworth did not have a specific policy or regulation which addressed monitoring of inmate movements in stairwells. Plaintiff has not credibly suggested that further discovery on the issue would have uncovered any such policy or regulation. Accordingly, plaintiff has not shown that a continuance was appropriate under Rule 56(f). See Jensen, 998 F.2d at 1554. The Court therefore overrules plaintiff's motion to reconsider on this ground.

**II.     Plaintiff's Request For Additional Documents (Doc. #104)**

Plaintiff seeks all documents which the government submitted under seal and any additional portions of the correctional services manual "relating to controlled movements and all standards set in accord with the American Correctional Association National Standards on controlled movements at USP Leavenworth with a statement of all security procedures set and implemented by custom and practice during controlled movements by an official at USP Leavenworth or allow the taking of interrogatories, admissions and/or depositions pursuant to Fed. R. Civ. P. 33, 34, & 36." Plaintiff's Request For Additional Documents (Doc. #104) at 1.

### A. Documents Which Government Produced Under Seal

In ruling on defendant's motion for summary judgment, the Court considered a BOP letter and documents which defendant submitted under seal and in camera. Plaintiff again objects that the Court erred by relying on material which he could not review. The Court noted that the BOP letter and response were not critical to defendant's motion for summary judgment and the Court construed the letter and response as analogous to a response to a request for documents under Rule 34, Fed. R. Civ. P. On a motion for summary judgment, the Court can consider confidential or other protected information which defendant has submitted under seal and in camera. See Order And Order To Show Cause (Doc. #93) at 3 (citations omitted). The Court significantly limited the amount of materials which the government could produce under seal. See Order (Doc. #100). As to only a few documents, the Court found that the government's stated security concerns outweighed the presumption in favor of disclosure of the sealed documents. See Castle v. Jallah, 142 F.R.D. 618, 622 (E.D. Va. 1992). Finally, the Court adequately protected plaintiff's due process interests by its in camera review of the confidential materials. See Martinez v. True, 128 Fed. Appx. 714, 715-16 (10th Cir. 2005) (no fundamental unfairness where district court refused to appoint counsel for inmate so that counsel could review confidential prison reports submitted in camera in support of motion for summary judgment); Perkins v. Stockman, No. 04-CV-5806-LJO-DLB-P, 2007 WL 613866, at *1 (E.D. Cal. Feb. 27, 2007) (district court in camera review adequately protects plaintiff's due process rights); Manibusan v. Alameida, No. C 04-2611-JSW(PR), 2006 WL 496041, at *2 (N.D. Cal. Feb. 28, 2006) (considering information filed under seal and in camera on motion for summary judgment); Martinez v. Cathey, No. CVF-026619-RECLJOP, 2006 WL 224400, at *3-5 (N.D. Cal. Jan. 30, 2006) (district court in camera review adequately protects plaintiff's due

process rights).

### B. Request For Additional Documents

Plaintiff seeks additional documents including national standards relating to controlled movements and any specific USP Leavenworth procedures, customs or practices on controlled movements. Initially, the Court overrules plaintiff's request as untimely. In addition, the Court already required the government to produce "all documents related to any BOP or USP-Leavenworth policy, regulation or practice on duties of prison personnel during inmate movements and, in particular, inmate movements in stairwells of a prison." Memorandum And Order (Doc. #63) at 3, 8. The Court's order was broad enough to encompass most if not all of the documents which plaintiff currently seeks. For these reasons, the Court overrules plaintiff's request for additional documents.

### III. Plaintiff's Second Motion To Reconsider (Doc. #106)

Plaintiff argues that the Court should reconsider its discovery order because (1) the Court misapprehended his claim; (2) he should be able to review the information which the government submitted under seal; and (3) further discovery is necessary to protect plaintiff's due process interests. The Court has rejected each of these arguments above. The Court therefore overrules plaintiff's second motion to reconsider.

**IT IS THEREFORE ORDERED** that Plaintiff's Objection To Court's Memorandum And Order Sustaining Defendant's Motion For Summary Judgment With Request For Leave To File An Amended Complaint (Doc. #87) filed March 9, 2007, which the Court construes as a motion to reconsider and for leave to amend, be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that Plaintiff's Request For Additional Documents Related

To Controlled Movements (Doc. #104) filed July 6, 2007 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Second Request For Reconsideration Of Scheduling Order To Under[go] Discovery (Doc. #106) filed July 23, 2007 be and hereby is **OVERRULED**.

The Clerk is directed to enter judgment in favor of defendant in accordance with the Court's Memorandum And Order (Doc. #85) filed February 26, 2007.

Dated this 22nd day of October, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Court