# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAMUEL R. QUEEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-3341-KHV |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Samuel Queen, a former inmate at the United States Penitentiary in Leavenworth, Kansas (USP-Leavenworth), brings suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., alleging that he suffered an assault by another inmate because prison staff failed to monitor and supervise a stairwell. This matter is before the Court on plaintiff's Motion For Relief From Judgment Order Pursuant To Fed. R. Civ. P. 60(b)(2-3) (Doc. #116) filed March 7, 2008. For reasons stated below, the Court overrules plaintiff's motion.

## Legal Standards On Motion To Vacate Judgment Under Rule 60(b)

The Court has discretion to grant or deny a motion to vacate judgment under Rule 60(b), Fed. R. Civ. P. See Price v. Philpot, 420 F.3d 1158, 1167 (10th Cir. 2005); Fed. Deposit Ins. Corp. v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998). Rule 60(b) permits the Court to grant relief from a judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is extraordinary and may only be granted in

exceptional circumstances. See Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999); Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990). Like a motion to reconsider, a motion under Rule 60(b) is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994).

**Factual Background**

The Court previously set out the relevant facts for purposes of defendant's motion for summary judgment. Those facts are as follows:

Plaintiff is a former inmate at USP-Leavenworth. On May 4, 2004, other inmates attacked him during a controlled movement in a stairwell at USP-Leavenworth.[1] Plaintiff suffered cuts to his face and body from a razor-type weapon. Plaintiff remained in the stairwell some four to six minutes after the attack, but no prison staff arrived. As plaintiff exited the stairwell, officer Malafou T. Kiliona, who was outside the stairwell controlling inmate movement, saw blood on plaintiff's face and called for assistance.

No policy, regulation or statute requires BOP staff to provide stairway security or to monitor stairwells at any particular time or in any particular manner. No specific federal regulations, national or institutional policies, or specific post orders address stairwell security within BOP institutions. Staff are not required to monitor stairwells at any particular time, in any particular manner or at any particular institution. The Warden and staff at each prison have discretion on these

---

[1] According to plaintiff, the attack lasted some two minutes. See Plaintiff's Declaration In Opposition To United States Motion For Summary Judgment (Doc. #68) filed September 14, 2006 ¶ 9 (attack started around 2:53 p.m. and ended around 2:55 p.m.).

issues, potentially with input from Regional and Central Office officials. Decisions concerning specific physical monitoring and surveillance of the inmate population vary from institution to institution, and can encompass a number of factors including security and custody levels, the mission of the institution, the nature of the inmate population, the physical structure of the facility, the specific time of day, inmate activity in the area and/or recent incidents in a particular institution and location within an institution.

Prison staff are responsible for maintaining the security of individual institutions with limited staff and resources. In determining whether to monitor specific stairwell areas at particular times, prison staff consider several factors including (1) the unique nature of the institution, (2) availability of staff, (3) potential for an incident to occur and (4) monetary costs for staff and equipment needed to monitor the area. Monitoring needs may vary, daily or hourly, with changing correctional security issues.

Plaintiff brings suit under the FTCA, alleging that he suffered an assault by another inmate because prison staff failed to monitor and supervise the stairwell at USP-Leavenworth. See Amended Complaint (Doc. #34) filed May 1, 2006 at 2-3.

On August 30, 2006, the Court ordered the government to "submit all documents related to any BOP or USP-Leavenworth policy, regulation or practice on duties of prison personnel during inmate movements and, in particular, inmate movements in stairwells of a prison." Memorandum And Order (Doc. #63) at 3, 8. Because of security concerns, the Court permitted the government to file the information under seal. On September 15, 2006, the government submitted a response to the Court's order with numerous attachments including plaintiff's various requests under the Freedom of Information Act, the BOP responses and any documents withheld from the responses

because of security concerns. See Defendant's Submission To The Court Under Seal Relative To Court's Order Of August 30, 2006 (Doc. 63) (Doc. #69) filed September 15, 2006. The BOP stated that it had been unable to locate specific national or local policies or practices related to inmate movements generally within prisons or specifically in stairwells.

On February 26, 2007, the Court sustained defendant's motion for summary judgment because defendant's alleged conduct is protected by the discretionary function exception to the FTCA. See Memorandum And Order (Doc. #85). After plaintiff filed a motion to reconsider, the Court ordered defendant to disclose certain previously-sealed documents to plaintiff and granted plaintiff leave to file a supplemental memorandum in support of his motion to reconsider. See Order (Doc. #100) filed June 19, 2007. On October 22, 2007, the Court overruled plaintiff's objections, motion to reconsider and motion to amend, and directed the Clerk to enter judgment in favor of defendant. See Memorandum And Order (Doc. #110). On February 20, 2008, defendant notified the Court that it had discovered further documents (USP-Leavenworth Institution Supplements) which were responsive to the Court's order of August 30, 2006. See Defendant's Notice Of Supplemental Documents And Motion To Submit Supplemental Documents In Camera And Under Seal (Doc. #113). Plaintiff asks the Court to vacate the judgment based on newly discovered evidence and fraud.

## Analysis

**I.   Newly Discovered Evidence**

Plaintiff first argues that newly discovered evidence establishes that USP-Leavenworth officials had a local policy or regulation for staff to act in a specific manner when monitoring inmates during controlled movements. See Plaintiff's Rule 60(b) Motion (Doc. #116) at 5-7 (local

-4-

policy or regulation required BOP staff to act in specific manner during controlled movements to regulate inmate activity); Plaintiff's Reply (Doc. #123) at 5 (institutional policy or regulation required BOP staff to supervise and monitor all inmates during controlled movements; policy or regulation not limited to particular area). The Court has reviewed the evidence which the government has submitted under seal and finds no such policy or regulation. The institution supplements are merely cumulative of other materials which defendant submitted. See Graham v. Wyeth Labs., 906 F.2d 1399, 1416 (10th Cir.) (newly discovered evidence which is cumulative does not provide ground for relief under Rule 60(b)(2)), cert. denied, 498 U.S. 981 (1990). As with the post orders which the defendant previously submitted, the institution supplements do not require staff to monitor specific areas of the prison, to monitor specific inmates or to maintain eye contact with all inmates during a controlled movement. See Memorandum And Order (Doc. #110) at 5. Each officer's decision to monitor specific areas during a controlled movement is discretionary. See Jacocks v. Hedrick, No. 04-cv-00587, 2006 WL 2850639, at *10 (W.D. Va. Sept. 29, 2006) (general directives such as duty to establish and maintain adequate control of inmates, monitor inmate movement and be on alert for irregular or unusual movement of inmates protected by discretionary function doctrine); see also Sears v. United States, No. 04-2511-RSM-JPD, 2007 WL 527500, at *7 (W.D. Wash. Feb. 14, 2007) (decisions how to monitor inmate behavior in jail system, discipline inmates and balance duty to provide inmate security with rights of inmates implicate policy decision to let BOP choose appropriate means of supervising and protecting inmates); cf. Jacocks, 2006 WL 2850639, at *1 (specific positioning requirement for monitoring inmate movement not protected by

discretionary function doctrine).[2] The Court therefore overrules plaintiff's motion based on newly discovered evidence.

**II.     Fraud**

Plaintiff apparently maintains that defendant committed fraud on the Court when it produced documents which were unrelated to his claim so as to mislead the Court in construing his actual claim. Fraud on the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties. United States v. Buck, 281 F.3d 1336, 1342 (10th Cir. 2002). Generally, only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1290 (10th Cir. 2005); Weese v. Schukman, 98 F.3d 542, 552-53 (10th Cir. 1996). Less egregious misconduct, such as nondisclosure to the court of facts which allegedly are pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court. Weese, 98 F.3d at 552-53; see Buck, 281 F.3d at 1342 (nondisclosure in pretrial discovery

---

[2]     See Bell v. Wolfish, 441 U.S. 520, 547-48 (1979) (prison administrators afforded wide-ranging deference in adopting and executing policies and practices that in their judgment are needed to preserve internal discipline and maintain institutional security); Montez v. United States, 359 F.3d 392, 395-97 (6th Cir. 2004) (BOP decisions on inmate safety discretionary); Santana-Rosa v. United States, 335 F.3d 39, 43 (1st Cir. 2003) (BOP exercises broad discretion in assigning inmates to particular jobs and where and how to store cleaning equipment used to attack another inmate); Alfrey v. United States, 276 F.3d 557, 565 (9th Cir. 2002) (regulations did not mandate BOP to conduct cell searches in particular manner); Calderon v. United States, 123 F.3d 947, 949 (7th Cir. 1997) (regulations did not mandate BOP to take specific action in event of threats from fellow inmate); Mitchell v. United States, 149 F. Supp.2d 1111, 1114-15 (D. Ariz. 1999) (day-to-day security considerations, including rules about who can enter housing unit, are policy decisions within discretion of BOP), aff'd, 20 Fed. Appx. 636 (9th Cir. 2001); see also United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 820 (1984) (FAA employees who conducted compliance reviews of aircraft specifically empowered to make policy judgments regarding degree of confidence to place in given manufacturer, need to maximize compliance with regulations and efficient allocation of agency resources).

will not support action for fraud on court). Plaintiff complains that based on defendant's characterization of his claim, the Court misconstrued his claim as one limited to stairwell security rather than a broader claim based on local policy or regulation which required BOP staff to monitor and supervise inmates during controlled movements. Initially, the Court overrules plaintiff's claim because he has not alleged sufficiently egregious conduct to constitute fraud on the court. See Weese, 98 F.3d at 552-53. In any event, as the Court has explained in several orders, it evaluated plaintiff's claim both as one based on a general duty to monitor inmates during controlled movements and as one based on a specific duty to provide security in the stairwell where plaintiff was attacked. See Memorandum And Order (Doc. #85) at 4-5 n.3 (plaintiff claims that prison staff violated mandatory duty to "monitor inmate movement" as established in BOP policy and USP-Leavenworth post orders); id. (plaintiff argues that he challenges monitoring of inmates during "controlled movements," not general monitoring of inmates in stairwells; in either case, he has not shown that policy, regulation, statute or post order set forth specific security measures for "controlled movements" or monitoring in stairwells); id. at 7 n.5 (noting that plaintiff asserts three counts: BOP did not protect him from harm under 18 U.S.C. § 4042 and local institutional policy (Count I); BOP did not monitor inmates during the controlled movement (Count II); and BOP was negligent in monitoring inmates during controlled movement (Count III)); id. at 8 (characterizing challenged conduct as "BOP prison staff decision not to post a security officer in the stairwell during the controlled movement on May 4, 2004"); see also Memorandum And Order (Doc. #63) at 3, 8 (ordering government to "submit all documents related to any BOP or USP-Leavenworth policy, regulation or practice on duties of prison personnel during inmate movements and, in particular, inmate movements in stairwells of a prison").

The newly produced institutional supplements do not establish that BOP had a policy or regulation which required staff to monitor a specific area such as the stairwell or a specific inmate during controlled movements. Plaintiff asserts that prison guards had a general duty to monitor inmate movement, but USP-Leavenworth post orders and institution supplements do not require prison guards to monitor specific portions of the prison or the prison stairwell during a controlled movement. See Garza v. United States, 161 Fed. Appx. 341, 345 (5th Cir. 2005) (discretionary function exception barred claim that officer violated post order that inmates "should not be allowed to gather in large groups"; order lacked specific directive and permitted discretionary choice); cf. id. at 344-45 (discretionary function exception did not bar claim that officer violated specific post order to "patrol the recreational yard"). Indeed, the post orders more generally call for frequent, irregular and random security checks. Likewise, the institution supplements require frequent counts so that staff know the location of inmates, but they do not address how to specifically monitor inmates during controlled movements. The BOP staff decision where and how to post security officers during controlled movements is the type of decision the discretionary function exception is designed to protect, namely one requiring the exercise of judgment based on considerations of public policy.[3] Because the Court already considered plaintiff's general claim based on inadequate

---

[3] See Santana-Rosa, 335 F.3d at 43 (BOP decisions regarding inmate work assignments and maintenance of cleaning supplies susceptible to policy-related analysis); Alfrey, 276 F.3d at 565 (prison staff decision as to scope of cell search involves balancing of risk posed and inmate interest in freedom from intrusive searches); Calderon, 123 F.3d at 951 (balancing need for inmate security against rights of inmates to circulate and socialize within prison involves considerations based upon public policy); Mitchell, 149 F. Supp.2d at 1114 (decisions as to day-to-day security needs of prison, including number of guards in given area, where to place emergency alarms and tactical choices surrounding inmate movement within institution are judgment calls based on policy determinations which seek to accommodate safety goals and reality of finite agency resources); see also Varig Airlines, 467 U.S. at 820 (FAA engineers and inspectors necessarily took certain calculated risks
(continued...)

security during controlled movements and the newly-produced institution supplements do not further specify staff duties during controlled movements, the Court rejects plaintiff's claim of fraud on the court.[4]

### III.    Documents Which Government Produced Under Seal

In ruling on defendant's motion for summary judgment, the Court considered a BOP letter and documents which defendant submitted under seal and in camera. Plaintiff again objects that the Court erred by relying on material which he could not review. The Court noted that the BOP letter and response were not critical to defendant's motion for summary judgment and the Court construed the letter and response as analogous to a response to a request for documents under Rule 34, Fed. R. Civ. P.  On a motion for summary judgment, the Court can consider confidential or other

---

[3](...continued)
in compliance reviews of aircraft, but those risks were encountered for advancement of governmental purpose and pursuant to specific grant of authority).

[4]     Rule 60(b) addresses two distinct bases of fraud: fraud on the court and fraud between parties. See Zurich, 426 F.3d at 1290. To the extent plaintiff's claim could be construed as one of fraud between the parties, he is not entitled to relief. Under Rule 60(b)(3), the movant must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation. Id.; Wilkin v. Sunbeam, 466 F.2d 714, 717 (10th Cir. 1972). In other words, the movant must show clear and convincing proof of fraud, misrepresentation or misconduct. Zurich, 426 F.3d at 1290 (citations omitted). In addition, the challenged behavior must substantially interfere with the aggrieved party's ability fully and fairly to litigate the case. Woodworker's Supply Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999). Subsection (b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect," which may be remedied under subsections (b)(1) or (2). Zurich, 426 F.3d at 1290 (quoting Rozier v. Ford Motor Co., 573 F.2d 1332, 1339 (5th Cir. 1978)).

Here, plaintiff has not clearly substantiated his claim of fraud. The Court has reviewed plaintiff's numerous challenges to defendant's litigation conduct and finds them without merit. In any event, as explained above, defendant's behavior did not substantially interfere with plaintiff's ability to litigate his case because the Court reviewed plaintiff's claim as one based on local policy or regulation which requires BOP staff to monitor and supervise inmates during controlled movements.

protected information which defendant has submitted under seal and in camera. See Order And Order To Show Cause (Doc. #93) at 3 (citations omitted). The Court significantly limited the amount of materials which the government could produce under seal. See Order (Doc. #100). As to only a few documents, the Court found that the government's stated security concerns outweighed the presumption in favor of disclosure of the sealed documents. See Castle v. Jallah, 142 F.R.D. 618, 622 (E.D. Va. 1992). Finally, the Court adequately protected plaintiff's due process interests by its in camera review of the confidential materials. See Martinez v. True, 128 Fed. Appx. 714, 715-16 (10th Cir. 2005) (no fundamental unfairness where district court refused to appoint counsel for inmate so that counsel could review confidential prison reports submitted in camera in support of motion for summary judgment); Perkins v. Stockman, No. 04-CV-5806-LJO-DLB-P, 2007 WL 613866, at *1 (E.D. Cal. Feb. 27, 2007) (district court in camera review adequately protects plaintiff's due process rights); Manibusan v. Alameida, No. C 04-2611-JSW(PR), 2006 WL 496041, at *2 (N.D. Cal. Feb. 28, 2006) (considering information filed under seal and in camera on motion for summary judgment); Martinez v. Cathey, No. CVF-026619-RECLJOP, 2006 WL 224400, at *3-5 (N.D. Cal. Jan. 30, 2006) (district court in camera review adequately protects plaintiff's due process rights). The Court therefore overrules plaintiff's motion on this ground.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Relief From Judgment Order Pursuant To Fed. R. Civ. P. 60(b)(2-3) (Doc. #116) filed March 7, 2008 be and hereby is **OVERRULED**.

Dated this 17th day of July, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Court
